**SEALED**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Crim. No. *12 Cr 10293* |
| | ) |
| v. | ) Violations: |
| | ) |
| (1) JOHN PERRY, | ) |
| (2) JOSEPH BURHOE, | ) 18 U.S.C. § 1962 (RICO) |
|     a/k/a "Jo Jo," | ) 18 U.S.C. § 1951 (Hobbs Act |
| (3) JAMES DEAMICIS, | )    Extortion) |
|     a/k/a "Jimmy the Bull," | ) 18 U.S.C. § 1341 (Mail Fraud) |
|     and | ) 18 U.S.C. § 641 (Theft of Property) |
| (4) THOMAS FLAHERTY, | ) 18 U.S.C. §2 (Aiding & Abetting) |
|     Defendants. | ) 29 U.S.C. §504 (Prohibition Against |
| | )    Certain Persons Holding Office |
| | ) 18 U.S.C. § 1963 (RICO Forfeiture) |
| | ) 18 U.S.C. § 981 and 28 U.S.C. § 2461 |
| | )    (Extortion, Mail Fraud, Theft of |
| | )    Property Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times material to this Indictment:

1.  The International Brotherhood of Teamsters ("IBT"),
Teamsters Local 82, Furniture and Piano Moving, Furniture Store
Drivers, Helpers, Warehousemen and Packers (hereinafter referred to
as "Local 82"), was a labor organization which represented employees
in the moving and trade show industries.

2.  Local 82 had its principal offices at 348 D Street, South
Boston, Massachusetts and, at one time, had as many as 778  members.
On December 31, 2011, Local 82 was taken over by Teamsters Local 25
and no longer exists.

3.   Local 82 was a "labor organization" for purposes of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), Title 29, United States Code, Section 402(i), and was subject to the various provisions of the LMRDA governing the internal affairs of labor organizations.

4.   The LMRDA guarantees rights of union members.  Title 29, United States Code, Section 411(a)(1) provides that every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings. Section 411(a)(2) provides that every member of a labor organization shall have the right to meet and assemble freely with other members and to express any views, arguments or opinions concerning such organization's affairs. Section 411(a)(4) provides that no labor organization shall limit the right of any member thereof to institute an action in any court or to appear as a witness in any judicial proceeding.  Section 481(e) of Title 29, United States Code, provides that in any election of union officers every member in good standing shall have the right to vote for or otherwise support the candidate or candidates of his choice without being subject to penalty, discipline, improper interference or reprisal of any kind by such organization or any member thereof.

5.   The primary purpose of Local 82, like any labor organization, was to negotiate and administer collective bargaining agreements with employers.   Under these collective bargaining agreements, wages were paid directly by the employer to the employee.   Local 82 also established for its members the Teamsters Local 82 Health and Welfare Fund and the Savings and Investment Fund ("the Benefit Funds") to provide union members and their beneficiaries with certain benefits, including retirement benefits and medical coverage.   Contributions were made by employers pursuant to the collective bargaining agreement directly to the Benefit Funds for each employee performing work within the scope and/or covered by the collective bargaining agreement.   The Benefit Funds were held and invested by an investment manager.   The contributions and earnings on those moneys constituted the assets of the Benefit Funds that provided benefits payable to participants and beneficiaries pursuant to the collective bargaining agreement.

### a.   The Defendants

6.   Defendant JOHN PERRY ("PERRY") was a business agent and the Secretary Treasurer of Local 82.   In 1994, PERRY became a trustee of the Benefit Funds.   In 2003, PERRY was appointed the Director of Trade Shows and Convention Centers for the IBT.

7.   Defendants JOSEPH BURHOE, a/k/a "Jo Jo" ("BURHOE"), JAMES DEAMICIS, a/k/a "Jimmy the Bull" ("DEAMICIS"), and THOMAS FLAHERTY ("FLAHERTY") were members of Local 82 and all worked in the trade

show and moving industries.  At various times, defendants BURHOE,
DEAMICIS and FLAHERTY served as representatives and defacto
representatives of Local 82.

### b.  The PERRY Crew

8.  Defendants PERRY, BURHOE, DEAMICIS, and FLAHERTY were part
of a group that exerted control over Local 82 (hereinafter referred
to as "the PERRY Crew") to further its own purposes.  The PERRY Crew
exerted control over Local 82 through intimidation and fear of
physical and economic harm.  The purpose of the PERRY Crew was to
generate money for themselves, their friends and family members.
Among the methods and means by which the PERRY Crew furthered its
objectives was through multiple acts of extortion, including the
actual and threatened use of physical violence, and the inducement
of fear of financial and economic injury on the members of Local 82
and on various business entities throughout Boston.  These business
entities included hotels, event planners, catering companies,
pharmaceutical companies, hospitals, music entertainment companies,
and non-profit organizations, none of which had collective
bargaining agreements with Local 82.  The PERRY Crew threatened to
disrupt the business of these entities by picketing and other means,
sometimes just hours before an event was to take place, if these
entities did not accede to the PERRY Crew's wrongful demand for
imposed, unwanted, unnecessary and superfluous jobs for themselves,
their friends and family members, some of whom were not union

members. The imposed, unwanted, unnecessary and superfluous jobs the PERRY Crew demanded resulted in payments to the member of the PERRY Crew and their friends and family, without contributions being made to the Benefit Funds. The PERRY Crew also used threats of physical and economic harm to deprive the members of Local 82 of their rights under the LMRDA, including their right to meet and assemble freely with other members and to express any views, arguments or opinions concerning such organization's affairs, their right to institute an action in any court or to appear as a witness in any judicial proceeding, and their right to vote for or otherwise support the candidate or candidates of their choice in any election of union officers. These acts perpetrated upon the members of Local 82 included the assault of John Doe A, a critic of PERRY; the assault of John Doe B, who had filed a grievance against Local 82; the intimidation of John Doe C for having appeared as a witness in a judicial proceeding; and the stationing of the PERRY Crew and a police officer, at the entrance to the union hall, to prevent certain members of Local 82 from voting on a proposed contract ratification with a major employer.

### c. The Enterprise

9. Local 82 constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4). Local 82 was engaged in, and its activities affected, interstate commerce.

## COUNT ONE
### (Racketeering)

1.    The General Allegations set forth in paragraphs 1 through 9 above are hereby realleged and incorporated as if fully set forth herein.

2.    Between in or about January 2007 and December 31, 2011, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants

>                (1) JOHN PERRY,
>                (2) JOSEPH BURHOE,
>                (3) JAMES DEAMICIS, and
>                (4) THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, being persons employed by and associated with Local 82, an enterprise which engaged in, and the activities of which affected, interstate commerce, knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of Local 82 through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

### Racketeering Act 1
### (Conspiracy to Extort)

Between in or about January 2007 and December 31, 2011, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants JOHN PERRY, JOSEPH BURHOE, JAMES DEAMICIS, and THOMAS FLAHERTY, together with others known and unknown to the Grand Jury, conspired to obstruct, delay

and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their co-conspirators agreed to obtain property of various entities throughout Boston, including hotels, event planners, catering companies, pharmaceutical companies, hospitals, music entertainment companies, and non-profit organizations, to wit: money to be paid as wages for imposed, unwanted, unnecessary and superfluous services, with the consent of such entities, their officers and other agents, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic and physical harm to said entities and others, in violation of Title 18, United States Code, Section 1951.

It was a part of the conspiracy that the defendants and their co-conspirators agreed to exert influence through the wrongful use of actual and threatened force and fear of economic and physical harm to said entities and others, in order to obtain wages for such imposed, unwanted, unnecessary and superfluous services for themselves, their friends and family members.

## Racketeering Act 2
### (Extortion of Company A)

In or about September 2008 and continuing through September 2010, in Boston, and elsewhere within the District of Massachusetts, defendant JOSEPH BURHOE, together with others known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and

attempted to do the same, in that the defendant and others known and unknown to the Grand Jury obtained and attempted to obtain property from Company A, an event producer, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company A, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company A and others, in order to obtain wages for such imposed, unwanted, and  unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 3
### (Extortion of Company B and Company C)

On or about September 20, 2008, in Boston and elsewhere within the District of Massachusetts, defendants JOHN PERRY and JOSEPH BURHOE, together with others known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company B and Company C, an event producer and a Boston hospital, respectively, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company B and Company C, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company B and Company C and others, in order to

obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 4
### (Extortion of Company D and Company E)

On or about October 11, 2008, and continuing through on or about April 23, 2010, in Boston and elsewhere within the District of Massachusetts, defendants JOHN PERRY and JAMES DEAMICIS, together with others known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company D and Company E, a catering company and an event producer, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company D and Company E, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to said entities and others, in order to obtain wages for such imposed, unwanted, unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 5
### (Extortion of Company F and Company G)

On or about November 20, 2008, in Boston and elsewhere in the

District of Massachusetts, defendants JOHN PERRY and JOSEPH BURHOE,

together with others known and unknown to the Grand Jury,

obstructed, delayed and affected commerce, and the movement of

articles and commodities in commerce, by extortion, and attempted to

do the same, in that the defendants and others known and unknown to

the Grand Jury obtained and attempted to obtain property of Company

F and Company G, a non-profit organization and a catering company,

respectively, to wit: money to be paid as wages for imposed,

unwanted, and unnecessary and superfluous services; with the consent

of Company F and Company G, their officers and other agents, which

consent was induced by the wrongful use of fear of economic and

physical harm to Company F and Company G and others, in order to

obtain wages for such imposed, unwanted, and unnecessary and

superfluous services for themselves, their friends and family

members, in violation of Title 18, United States Code, Sections 1951

and 2.

## Racketeering Act 6
### (Extortion of Company H and Company I)

Between on or about December 7, 2008, and continuing through

December 16, 2008, in Boston and elsewhere in the District of

Massachusetts, defendants JOHN PERRY, JOSEPH BURHOE, and JAMES

DEAMICIS, together with others known and unknown to the Grand Jury,

obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company H and Company I, a pharmaceutical company and a Boston hotel, respectively, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company H and Company I, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company H and Company I and others, in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 7
### (Attempted Extortion of Company J)

Between on or about February 9, 2009, and February 18, 2009, in Boston and elsewhere in the District of Massachusetts, defendants JAMES DEAMICIS and THOMAS FLAHERTY, together with others known and unknown to the Grand Jury, attempted to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others known and unknown to the Grand Jury attempted to obtain property of Company J, a music entertainment company, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with

the consent of Company J, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company J and others, in order to obtain wages for such imposed, unwanted, unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 8
### (Attempted Extortion of Company K)

On or about October 23, 2009, in Boston and elsewhere in the District of Massachusetts, defendants JOHN PERRY, JOSEPH BURHOE, JAMES DEAMICIS, and THOMAS FLAHERTY, together with others known and unknown to the Grand Jury, attempted to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others known and unknown to the Grand Jury attempted to obtain property of Company K, a non-profit organization, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company K, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company K and others, in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 9
### (Extortion of Company L)

On or about October 24, 2009, in Boston, and elsewhere in the
District of Massachusetts, defendants JOHN PERRY and JAMES DEAMICIS,
together with others known and unknown to the Grand Jury,
obstructed, delayed and affected commerce, and the movement of
articles and commodities in commerce, by extortion, and attempted to
do the same, in that the defendants and others known and unknown to
the Grand Jury obtained and attempted to obtain property of Company
L, a Boston hospital, to wit: money to be paid as wages for imposed,
unwanted, and unnecessary and superfluous services; with the consent
of Company L, its officers and other agents, which consent was
induced by the wrongful use of fear of economic and physical harm to
Company L and others, in order to obtain wages for such imposed,
unwanted, and unnecessary and superfluous services for themselves,
their friends and family members, in violation of Title 18, United
States Code, Sections 1951 and 2.

## Racketeering Act 10
### (Extortion of Company M)

On or about March 6, 2010, in Boston and elsewhere in the
District of Massachusetts, defendants JOHN PERRY and JAMES DEAMICIS,
together with others known and unknown to the Grand Jury,
obstructed, delayed and affected commerce, and the movement of
articles and commodities in commerce, by extortion, and attempted to
do the same, in that the defendants and others known and unknown to

the Grand Jury obtained and attempted to obtain property of Company M, a Boston hotel, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company M, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company M and others, in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 11
### (Extortion of Company I and Company N)

In or about September 2010, in Boston and elsewhere in the District of Massachusetts, defendant JOSEPH BURHOE, together with others known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendant and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company I and Company N, a Boston Hotel and an event producer, respectively, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company I and Company N, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company I and Company N and others, in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves,

their friends and family members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 12
### (Conspiracy to Extort - Manipulation of Contract Ratification Votes)

The defendants named below committed the following acts, either one of which alone constitutes the commission of Racketeering Act 12.

### a. Conspiracy to Extort

Between in or about March 2009 and July 2009, both dates being approximate and inclusive, in Boston and elsewhere in the District of Massachusetts, defendants JOHN PERRY, JOSEPH BURHOE, JAMES DEAMICIS, and THOMAS FLAHERTY, together with others known and unknown to the Grand Jury, conspired to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their co-conspirators agreed to obtain property of Local 82 members, to wit: (1) wages and employee benefits which Local 82 members would have obtained but for the defendants' wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the right to equal participation and voting in an election and referendum, namely, the 2009 ratification of a trade show collective bargaining agreement; with the consent of such union members, which consent was induced by the wrongful use of actual and threatened force and fear

of economic and physical harm to Local 82 members, in violation of Title 18, United States Code, Section 1951.

It was a part of the conspiracy that the defendants and their co-conspirators arbitrarily denied certain members of Local 82 the right to attend meetings and vote on the ratification of a 2009 trade show collective bargaining agreement, through the wrongful use of actual and threatened force and fear of economic and physical harm to these Local 82 union members, in order to have a contract approved that would be beneficial to the defendants, their friends and family members.

### b. **Extortion**

Between in or about March 2009 and July 2009, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants JOHN PERRY, JOSEPH BURHOE, JAMES DEAMICIS, and THOMAS FLAHERTY, together with others known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Local 82 members, to wit: (1) wages and employee benefits which Local 82 members would have obtained but for the defendants' wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the right to

equal participation and voting in an election and referendum, namely, the 2009 ratification vote of a trade show collective bargaining agreement; with the consent of such union members, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to Local 82 members, in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 13
### (Extortion)

On or about September 20, 2007, in Boston and elsewhere in the District of Massachusetts, defendant JOSEPH BURHOE, together with others known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendant JOSEPH BURHOE and others known and unknown to the Grand Jury obtained and attempted to obtain property of the members of Local 82 and member John Doe A, namely, (1) wages and employee benefits which Local 82 members and member John Doe A would have obtained but for the defendant's wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the rights of Local 82 members and member John Doe A to free speech and to support union candidates of their choice in connection with the election of Local 82 officers; with the consent of such members and member John Doe A, which consent was induced by the wrongful use of actual and threatened force, violence and fear

of economic and physical harm to such members and member John Doe A,

in violation of Title 18, United States Code, Sections 1951 and 2.

## Racketeering Act 14
### (Extortion)

Beginning on or about September 20, 2007, and continuing

through October 2008, in Boston and elsewhere in the District of

Massachusetts, defendants JOHN PERRY and JOSEPH BURHOE, together

with others known and unknown to the Grand Jury, obstructed, delayed

and affected commerce, and the movement of articles and commodities

in commerce, by extortion, and attempted to do the same, in that the

defendants JOHN PERRY and JOSEPH BURHOE and others known and unknown

to the Grand Jury obtained and attempted to obtain property of the

members of Local 82 and member John Doe A, namely, (1) wages and

employee benefits which Local 82 members and member John Doe A would

have obtained but for the defendants' wrongful conduct; and (2) the

rights of Local 82 members to democratic participation in the

affairs of their labor organization as guaranteed by the LMRDA,

including the rights of such members and member John Doe A to

institute an action in court and to appear as a witness free of any

limitation by Local 82 or its agents in a judicial proceeding

involving assault and battery charges against defendant JOSEPH

BURHOE; with the consent of such members and member John Doe A,

which consent was induced by the wrongful use of actual and

threatened force and fear of economic and physical harm to such

members and member John Doe A, in violation of Title 18, United
States Code, Sections 1951 and 2.

## Racketeering Act 15
### (Extortion)

Beginning on or about October 20, 2008, and continuing through
May 2009, in Boston and elsewhere in the District of Massachusetts,
defendant JOHN PERRY, together with others, known and unknown to the
Grand Jury, obstructed, delayed and affected commerce, and the
movement of articles and commodities in commerce, by extortion, and
attempted to do the same, in that the defendant JOHN PERRY and
others known and unknown to the Grand Jury obtained and attempted to
obtain property of the members of Local 82 and member John Doe B,
namely, (1) wages and employee benefits which Local 82 members and
member John Doe B would have obtained but for the defendant's
wrongful conduct; and (2) the rights of Local 82 members to
democratic participation in the affairs of their labor organization
as guaranteed by the LMRDA, including the rights of such members and
member John Doe B to express views and opinions on Local 82's
affairs by filing a grievance; with the consent of such members and
member John Doe B, which consent was induced by the wrongful use of
actual and threatened force and fear of economic and physical harm
to such members and member John Doe B, in violation of Title 18,
United States Code, Sections 1951 and 2.

## Racketeering Act 16
### (Extortion)

Beginning on or about October 20, 2008, and continuing through May 2009, in Boston and elsewhere in the District of Massachusetts, defendants JOHN PERRY and JOSEPH BURHOE, together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants JOHN PERRY and JOSEPH BURHOE and others known and unknown to the Grand Jury obtained and attempted to obtain the property of the members of Local 82 and member John Doe C, namely, (1) wages and employee benefits which Local 82 members and member John Doe C would have obtained but for the defendants' wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the rights of such members and member John Doe C to express views and opinions on Local 82's affairs and to appear as a witness free of any limitation by Local 82 or its agents in a judicial proceeding involving assault and battery charges against defendant JOHN PERRY; with the consent of such members and member John Doe C, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to such members and member John Doe C, in violation of Title 18, United States Code, Sections 1951 and 2.

All in violation of Title 18, United States Code, Section 1962(c).

## COUNT TWO
### (Racketeering Conspiracy)

1.    The General Allegations set forth in paragraphs 1 through 9 are hereby realleged and incorporated as if fully set forth herein.

2.    Between in or about January 2007 and December 31, 2011, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants

> (1) JOHN PERRY,
> (2) JOSEPH BURHOE,
> (3) JAMES DEAMICIS, and
> (4) THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, being persons employed by and associated with Local 82, an enterprise which engaged in, and the activities of which affected, interstate commerce, conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity consisting of multiple acts indictable under Title 18, United States Code, Section 1951 (extortion).

3.    It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT THREE
### (Conspiracy to Extort)

Between in or about January 2007 and December 31, 2011, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants

(1) JOHN PERRY,
(2) JOSEPH BURHOE,
(3) JAMES DEAMICIS, and
(4) THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, conspired to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their co-conspirators agreed to obtain property of various entities throughout Boston, including hotels, event planners, catering companies, pharmaceutical companies, hospitals, music entertainment companies, and non-profit organizations, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of such entities, their officers and agents, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic and physical harm to said entities and others.

It was part of the conspiracy that the defendants and their co-conspirators agreed to exert influence through the wrongful use of actual and threatened force and fear of economic and physical harm to said entities and others, in order to obtain wages for such

imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Section 1951.

## COUNT FOUR
### (Extortion of Company A)

In or about September 20, 2008, and continuing through September 2010, in Boston and elsewhere within the District of Massachusetts, defendant

### (2) JOSEPH BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendant and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company A, an event producer, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company A, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company A and others, in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FIVE
### (Extortion of Company B and Company C)

On or about September 20, 2008, in Boston and elsewhere within the District of Massachusetts, defendants

(1) JOHN PERRY and
(2) JOSEPH BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company B and Company C, an event producer and a Boston Hospital, respectively, to wit:  money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company B and Company C, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company B and Company C and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT SIX
### (Extortion of Company D and Company E)

On or about October 11, 2008, and continuing through on or about April 23, 2010, in Boston and elsewhere within the District of Massachusetts, defendants

> (1) JOHN PERRY and
> (3) JAMES DEAMICIS,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company D and Company E, a catering company and an event producer, respectively, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company D and Company E, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company D and Company E and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT SEVEN
### (Extortion of Company F and Company G)

On or about November 20, 2008, in Boston and elsewhere within the District of Massachusetts, defendants

(1) JOHN PERRY and
(2) JOSEPH BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company F and Company G, a non-profit organization and a catering company, respectively, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company F and Company G, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company F and Company G and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT EIGHT
### (Extortion of Company H and Company I)

Between on or about December 7, 2008, and continuing through December 16, 2008, in Boston and elsewhere within the District of Massachusetts, defendants

(1) JOHN PERRY
(2) JOSEPH BURHOE and
(3) JAMES DEAMICIS,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company H and Company I, a pharmaceutical company and a Boston hotel, respectively, to wit:  money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company H and Company I, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company H and Company I and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT NINE
### (Attempted Extortion of Company J)

Between on or about February 9, 2009, and February 18, 2009, in Boston and elsewhere within the District of Massachusetts, defendants

> (3) JAMES DEAMICIS and
> (4) THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, attempted to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others known and unknown to the Grand Jury attempted to obtain property of Company J, a music entertainment company, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company J, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company J and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT TEN
### (Attempted Extortion of Company K)

On or about October 23, 2009, in Boston and elsewhere in the District of Massachusetts, defendants

> (1) JOHN PERRY,
> (2) JOSEPH BURHOE,
> (3) JAMES DEAMICIS, and
> (4) THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, attempted to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others known and unknown to the Grand Jury attempted to obtain property of Company K, a non-profit organization, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company K, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company K and others, in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT ELEVEN
### (Extortion of Company L)

On or about October 24, 2009, in Boston and elsewhere within the District of Massachusetts, defendants

> (1) JOHN PERRY and
> (3) JAMES DEAMICIS,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company L, a Boston hospital, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company L, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company L and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT TWELVE
### (Extortion of Company M)

On or about March 6, 2010, in Boston and elsewhere within the District of Massachusetts, defendants

> (1) JOHN PERRY and
> (3) JAMES DEAMICIS,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain, property of Company M, a Boston hotel, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company M, its officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company M and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT THIRTEEN
### (Extortion of Company I and Company N)

In or about September 2010, in Boston and elsewhere within the District of Massachusetts, defendant

(2) JOHN BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of Company I and Company N, a Boston hotel and an event producer, respectively, to wit:  money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services; with the consent of Company I and Company N, their officers and other agents, which consent was induced by the wrongful use of fear of economic and physical harm to Company I and Company N and others in order to obtain wages for such imposed, unwanted, and unnecessary and superfluous services for themselves, their friends and family members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FOURTEEN
### (Conspiracy to Extort - Manipulation of Contract Ratification Votes)

Between in or about March 2009 and July 2009, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants

> (1)JOHN PERRY,
> (2)JOSEPH BURHOE,
> (3)JAMES DEAMICIS, and
> (4)THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, conspired to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their co-conspirators agreed to obtain property of Local 82 members, to wit: (1) wages and employee benefits which Local 82 members would have obtained but for the defendants' wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the right to equal participation and voting in an election and referendum; with the consent of such union members, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to Local 82 members.

It was a part of the conspiracy that the defendants and their co-conspirators arbitrarily denied certain members of Local 82 the right to attend meetings and vote on the ratification of a 2009 trade show collective bargaining agreement, through the wrongful use

of actual and threatened force and fear of economic and physical harm to these Local 82 union members, in order to have a contract approved that would be beneficial to the defendants, their friends and family.

In violation of Title 18, United States Code, Section 1951.

## COUNT FIFTEEN
### (Extortion)

Between in or about March 2009 and July 2009, both dates being approximate and inclusive, in Boston and elsewhere within the District of Massachusetts, defendants

(1) JOHN PERRY,
(2) JOSEPH BURHOE,
(3) JAMES DEAMICIS, and
(4) THOMAS FLAHERTY,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury agreed to obtain property of Local 82 members, to wit: (1) wages and employee benefits which Local 82 members would have obtained but for the defendants' wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the right to equal participation and voting in an election and referendum, namely, the ratification of a 2009 trade show collective bargaining agreement; with the consent of such union members, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to Local 82 members.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT SIXTEEN
### (Extortion)

On or about September 20, 2007, in Boston and elsewhere in the District of Massachusetts, defendant

(2)JOSEPH BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendant and others known and unknown to the Grand Jury obtained and attempted to obtain property of the members of Local 82 and member John Doe A, namely, (1) wages and employee benefits which Local 82 members and member John Doe A would have obtained but for the defendant's wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the rights of Local 82 members and John Doe A to free speech and to support union candidates of their choice in connection with the election of Local 82 officers; with the consent of such members and member John Doe A, which consent was induced by the wrongful use of actual and threatened force, violence and fear of economic and physical harm so such members and member John Doe A.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT SEVENTEEN
(Extortion)

Beginning on or about September 20, 2007, and continuing through October 2008, in Boston, and elsewhere in the District of Massachusetts, defendant

(1) JOHN PERRY and
(2) JOSEPH BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendants and others known and unknown to the Grand Jury obtained and attempted to obtain property of the members of Local 82 and member John Doe A, namely, (1) wages and employee benefits which Local 82 members and member John Doe A would have obtained but for the defendant's wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the rights of such members and member John Doe A to institute an action in court and to appear as a witness free of any limitation by Local 82 or its agents in a judicial proceeding involving assault and battery charge against defendant JOSEPH BURHOE; with the consent of such members and member John Doe A, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to such members and John Doe A.

In violation of Title 18, United States Code, Sections 1951 and

2.

## COUNT EIGHTEEN
### (Extortion)

Beginning on or about October 20, 2008, and continuing through May 2009, in Boston and elsewhere in the District of Massachusetts, defendant

### (1)JOHN PERRY,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by extortion, and attempted to do the same, in that the defendant and others known and unknown to the Grand Jury obtained and attempted to obtain property of the members of Local 82 and member John Doe B, to wit: (1) wages and employee benefits which Local 82 members and member John Doe B would have obtained but for the defendant's wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the rights of such members and member John Doe B to express views and opinions on Local 82's affairs by filing a grievance; with the consent of such members and member John Doe B, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to such members and member John Doe B.

In violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT NINETEEN
### (Extortion)

Beginning in or about October 20, 2008, and continuing through May 2009, in Boston and elsewhere in the District of Massachusetts, defendants,

(1) JOHN PERRY and
(2) JOSEPH BURHOE,

together with others, known and unknown to the Grand Jury, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, and attempted to do the same, by extortion, in that the defendants JOHN PERRY and JOSEPH BURHOE and others known and unknown to the Grand Jury obtained and attempted to obtain the property of members of Local 82 and John Doe C, to wit: (1) wages and employee benefits which Local 82 members and member John Doe C would have obtained but for the defendant's wrongful conduct; and (2) the rights of Local 82 members to democratic participation in the affairs of their labor organization as guaranteed by the LMRDA, including the rights of such members and member John Doe C to express views and opinions on Local 82's affairs and to appear as a witness free of any limitation by Local 82 or its agents in a judicial proceeding involving assault and battery charges against defendant JOHN PERRY; with the consent of such members and member John Doe C, which consent was induced by the wrongful use of actual and threatened force and fear of economic and physical harm to such members and member John Doe C.

In violation of Title 18, United States Code, Sections 1951 and

2.

## COUNTS TWENTY through TWENTY-TWO
### (Mail Fraud)

1.   The Massachusetts Executive Office of Labor and Workforce
Development, Department of Unemployment Assistance ("DUA"), was
responsible for administering the unemployment insurance ("UI")
program for the Commonwealth of Massachusetts.

2.   The Social Security Act of 1935 ("the Act") created the
federal and state UI system, which was designed to provide benefits
to persons out of work through no fault of their own.  The purpose
of the Act was to lessen the effects of unemployment through
payments made directly to laid off workers, referred to here as
claimants, insuring that at least a portion of the necessities of
life, such as food and shelter, could be met on a weekly basis while
the claimant sought new employment.

3.   The UI program is administered for the federal government
by state agencies with the federal government responsible for
funding all administrative costs of the program, including salaries
and office expenses.  Benefits paid to unemployed workers in the
private sector are financed by taxes paid by employers, and
supplemented by the United States Treasury when benefit funds are
exhausted, or extended benefits are paid.

4.   On February 17, 2009, Congress passed the American Recovery
and Reinvestment Act of 2009 ("ARRA").  ARRA provided for additional
funds for unemployment insurance benefits including an additional
$25 in weekly benefits, also known as Federal Additional

Compensation ("FAC"), for every worker receiving unemployment insurance benefits.

5.   Claimants must meet eligibility and income requirements. Individuals who have been laid off by their employers are eligible to receive UI benefits, and the amount is based on the claimant's prior earnings the previous five quarters.

6.   In order to receive UI benefits in Massachusetts, a claimant is required to provide to DUA his or her name, Social Security number, and names of previous employers for the past twelve months.   This can be accomplished over the telephone with the claimant submitting information in response to a series of voice prompts.   DUA then sends requests for additional information to both the employer and the claimant.

7.   After a UI claim is made by a claimant and accepted by DUA, the claimant must periodically certify his or her continued unemployment status to DUA in order for UI payments to continue. There are three ways for a claimant to do this.   A claimant may certify his/her employment status: (1) over the telephone by answering the questions of the DUA voice prompts, (2) online via the internet, or (3) by submitting ongoing claim forms through the mail.

8.   Beginning in or about August 2008 and continuing through July 2010, over 34 weeks, BURHOE falsely reported to the DUA that he earned only approximately $2,100 when, in fact, he had gross earnings of more than $45,429.   As a result, BURHOE collected 34

checks and obtained a total of approximately $17,475 in overpayments
of unemployment insurance benefits which were mailed to him, that he
was not entitled to receive because he was also collecting a
paycheck while working as a member of Local 82. BURHOE endorsed
each of the 34 checks and falsely certified that he made no false
statements or misrepresentations and that he had no earnings except
as reported in his benefit claim certification.

9. On or about the dates set forth below, in Boston and
elsewhere within the District of Massachusetts, defendant

                    (2) JOSEPH BURHOE,

having devised and intending to devise a scheme and artifice to
defraud and for obtaining money by means of material and false
representations, and for the purpose of executing the above-
described scheme, and attempting to do so, did cause the following
UI benefit checks, to be placed in an authorized depository for mail
matter, to be sent and delivered by the United States Postal
Service, and knowingly caused them to be delivered by the United
States Postal Service according to the directions thereon:

| Count | Date | Description of Check |
|-------|------|----------------------|
| 20 | September 14, 2009 | DUA check in the amount of $653.00 made payable to JOSEPH S. BURHOE |
| 21 | September 21, 2009 | DUA check in the amount of $653.00 made payable to JOSEPH S. BURHOE |

| Count | Date | Description of Check |
|-------|------|----------------------|
| 22 | March 22, 2010 | DUA check in the amount of $654.00 made payable to JOSEPH S. BURHOE |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS TWENTY-THREE through TWENTY-FIVE
### (Mail Fraud)

1.   Paragraphs 1 through 7 of Count Twenty are hereby realleged and incorporated as if fully set forth herein.

2.   Beginning in or about August 2008 and continuing through December 2011, over 73 weeks, defendant JAMES DEAMICIS falsely reported to the DUA that he earned only approximately \$22,249 when, in fact, he had gross earnings of more than approximately \$126,423. As a result, DEAMICIS collected 73 checks and obtained the total amount of approximately \$41,391 in overpayments of unemployment insurance benefits, including a total of \$9,804 in extended benefits and in FAC, which were mailed to him, that he was not entitled to receive because he was also collecting a paycheck while working as a member of Local 82.   DEAMICIS endorsed each of the 73 checks and falsely certified that he made no false statements or misrepresentations and that he had no earnings except as reported in his benefit claim certification.

3.   On or about the dates set forth below, in Boston and elsewhere within the District of Massachusetts, defendant

### (3) JAMES DEAMICIS,

having devised and intending to devise a scheme and artifice to defraud and for obtaining money by means of material and false representations, and for the purpose of executing the above-described scheme, and attempting to do so, did cause the following UI benefit checks, to be placed in an authorized depository for mail

matter, to be sent and delivered by the United States Postal

Service, and knowingly caused them to be delivered by the United

States Postal Service according to the directions thereon:

| COUNT | Date | Description of Check |
|-------|------|----------------------|
| 23 | May 24, 2010 | DUA check in the amount of $696.00 made payable to JAMES E. DEAMICIS |
| 24 | June 1, 2010 | DUA check in the amount of $754.00 made payable to JAMES E. DEAMICIS |
| 25 | June 7, 2010 | DUA check in the amount of $731.00 made payable to JAMES E. DEAMICIS |

    In violation of Title 18, United States Code, Sections

1341 and 2.

## COUNTS TWENTY-SIX through TWENTY-EIGHT
### (Mail Fraud)

1.   Paragraphs 1 through 7 of Count Twenty are hereby realleged and incorporated as if fully set forth herein.

2.   Beginning in or about March 2010 and continuing through December 2011, over 48 weeks, defendant THOMAS FLAHERTY falsely reported to the DUA that he earned only $10,102 when, in fact, he had gross earnings of more than $49,890.   As a result, FLAHERTY collected 48 checks and obtained the total amount of approximately $21,093 in overpayments of unemployment insurance benefits, which were mailed to him, that he was not entitled to receive because he was also collecting a paycheck while working as a member of Local 82.   FLAHERTY endorsed each of the 48 checks and falsely certified that he made no false statements or misrepresentations and that he had no earnings except as reported in his benefit claim certification.

3.   On or about the dates set forth below, in Boston and elsewhere within the District of Massachusetts, defendant

(4) THOMAS FLAHERTY,

having devised and intending to devise a scheme and artifice to defraud and for obtaining money by means of material and false representations, and for the purpose of executing the above-described scheme, and attempting to do so, did cause the following UI benefit checks, to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal

Service, and knowingly caused them to be delivered by the United

States Postal Service according to the directions thereon:

| COUNT | Date | Description of Check |
|-------|------|----------------------|
| 26 | March 18, 2010 | DUA check in the amount of $596.00 made payable to THOMAS P. FLAHERTY |
| 27 | July 8, 2010 | DUA check in the amount of $596.00 made payable to THOMAS P. FLAHERTY |
| 28 | February 4, 2011 | DUA check in the amount of $340.00 made payable to THOMAS P. FLAHERTY |

In violation of Title 18, United States Code, Sections

1341 and 2.

## COUNT TWENTY-NINE
### (Prohibition Against Certain Persons Holding Office)

1.   Defendant JOHN PERRY was a member of Local 82's executive
board since 1982 and became Secretary Treasurer and principal
officer of Local 82 beginning in 1986 and continuing until February
2011.

2.   On or about April 28, 2004, defendant JOSEPH BURHOE was
convicted of a crime in the District of Massachusetts, which
disqualified him from serving in prohibited capacities with labor
organizations subject to the LMRDA.

3.   BURHOE was released from imprisonment resulting from this
conviction in or about April 2007.  Following said conviction, for a
period extending until 13 years after the end of his period of
imprisonment, JOSEPH BURHOE was barred from serving, directly and
indirectly, as a consultant and adviser to and as a representative
in any capacity for, any such labor organization, pursuant to Title
29, United States Code, Section 504(a).

4.   Between in or about April 2007 until December 31, 2011, in
Boston and elsewhere within the District of Massachusetts, the
defendant

(2) JOSEPH BURHOE

did willfully serve, and the defendant

(1) JOHN PERRY

did knowingly and willfully permit defendant BURHOE to serve, as a consultant, adviser and representative of Local 82, contrary to the prohibition in Title 29, United States Code, Section 504.

In violation of Title 29, United States Code, Sections 504 (a) & (b) and Title 18, United States Code, Section 2.

## COUNT THIRTY
### (Theft of Government Money)

From in or about August 2008 continuing through in or about December 2011, in Boston and elsewhere within the District of Massachusetts, the defendant

### (3) JAMES DEAMICIS

did embezzle, steal, and convert to his own use money belonging to the United States, namely extended benefits and Federal Additional Compensation, of a value in excess of $1,000.

In violation of Title 18, United States Code, Section 641.

## RACKETEERING FORFEITURE ALLEGATIONS

The Grand Jury further charges:

1.    Upon conviction of one or more of the offenses charged in

Counts One and Two of this indictment, the defendants

(1) JOHN PERRY,
(2) JOSEPH BURHOE,
(3) JAMES DEAMICIS, and
(4) THOMAS FLAHERTY

shall forfeit to the United States of America, jointly and

severally, pursuant to Title 18, United States Code, Section

1963(a):

(a)    all interests the defendants have acquired or
       maintained in violation of Title 18, United States
       Code, Section 1962;

(b)    all interests in, securities of, claims against, or
       properties or contractual rights of any kind
       affording a source of influence over, any enterprise
       which the defendants have established, operated,
       controlled, conducted, or participated in the conduct
       of, in violation of Title 18, United States Code,
       Section 1962; and

(c)    all property constituting, or derived from, any
       proceeds which the defendants obtained, directly and
       indirectly, from racketeering activity or unlawful
       debt collection in violation of Title 18, United
       States Code, Section 1962.

2.    If any of the property described in paragraph 1 hereof as

being forfeitable pursuant to Title 18, United States Code, Section

1963, as a result of any act and omission of the defendants --

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred to, sold to, or deposited with a
       third party;

    (c)   has been placed beyond the jurisdiction of this Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 18, United States Code, Section 1963.

## EXTORTION, MAIL FRAUD, AND THEFT OF GOVERNMENT MONEY
## FORFEITURE ALLEGATIONS

The Grand Jury further charges that:

1.     Upon conviction of one or more of the offenses charged in Counts Three through Twenty-Eight and Count Thirty of this indictment, the defendants

> (1) JOHN PERRY,
> (2) JOSEPH BURHOE,
> (3) JAMES DEAMICIS, and
> (4) THOMAS FLAHERTY

shall forfeit to the United States of America (jointly and severally as to Counts Three and Thirteen) pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

2.     If any of the property described in paragraph 1 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c), as a result of any act and omission of the defendants --

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred to, sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of this Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(b)(1)(A) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property listed in paragraph 1 hereof.

All pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

LAURA J. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts:  September 13, 2012
Returned into the District Court by the Grand Jurors and
    filed.

Deputy Clerk

1:4 S

9/13/12